NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0475-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DWAYNE WILSON,

 Defendant-Appellant.
____________________________

 Submitted January 31, 2017 – Decided August 4, 2017

 Before Judges Leone and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Law Division, Hudson County,
 Indictment No. 07-04-0720.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (William Welaj, Designated
 Counsel, on the brief).

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent (Lillian Kayed,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Dwayne Wilson appeals an order denying his post-

conviction relief (PCR) petition without an evidentiary hearing.

We affirm.
 The criminal charges in this matter arose out of the stabbing

deaths of defendant's sister and two of her children, and the

stabbing of defendant's sister's other child, who survived.

Defendant's sister was stabbed twenty-one times. The children who

died were stabbed eleven and twelve times respectively. The

surviving child was stabbed ten times.

 Defendant was charged in a 2007 indictment with: three counts

of first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2) (counts one,

two and three); three counts of first-degree felony murder,

N.J.S.A. 2C:11-3(a)(3) (counts five, six and seven); first-degree

attempted murder, N.J.S.A. 2C:11—3 and N.J.S.A. 2C:5-1 (count

four); first-degree robbery, N.J.S.A. 2C:15-1 (count eight);

fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d)

(count nine); third-degree possession of a weapon for an unlawful

purpose, N.J.S.A. 2C:39-4(d) (count ten); and third-degree

possession of a controlled dangerous substance, N.J.S.A. 2C:35-

10(a)(1) (count eleven).

 Defendant pleaded guilty to counts one, two and three as

amended to charge first-degree aggravated manslaughter, N.J.S.A.

2C:11-4(a), and to count four as amended to charge second-degree

aggravated assault, N.J.S.A. 2C:12-1(b)(1).

 At sentencing, the court found the following aggravating

factors: one, the nature and circumstances of the offense,

 2 A-0475-15T2
defendant's role in it, and that it was committed in an especially

heinous, cruel or depraved manner, N.J.S.A. 2C:44-1(a)(1); two,

the gravity and seriousness of the harm inflicted on the victims,

including that defendant knew the victims were particularly

vulnerable or incapable of resistance due to extreme youth,

N.J.S.A. 2C:44-1(a)(2); three, the risk that defendant will commit

another offense, N.J.S.A. 2C:44-1(a)(3); and six, the nature and

extent of defendant's prior record, N.J.S.A. 2C:44-1(a)(6). The

court did not find any mitigating factors and determined the

aggravating factors "far outweigh[ed]" the non-existent mitigating

factors.

 In accordance with the terms of defendant's plea agreement

and for the reasons set forth by the court, defendant was sentenced

to concurrent thirty-year custodial terms on the aggravated

manslaughter convictions, and a consecutive ten-year sentence on

the aggravated assault conviction. Each of the sentences was

subject to the requirements of the No Early Release Act, N.J.S.A.

2C:43-7.2. The remaining charges were dismissed.

 Defendant appealed. His appeal was heard on this court's

excessive sentencing calendar and affirmed. State v. Dwayne

Wilson, No. A-4177-10 (App. Div. Nov. 16, 2011).

 3 A-0475-15T2
 In September 2014, defendant filed a pro se PCR petition.

After the assignment of counsel, defendant made the following

arguments in support of his petition:

 POINT I

 THE SENTENCE IMPOSED BY THE TRIAL COURT WAS
 IMPROPER, ILLEGAL AND/OR OTHERWISE
 UNCONSTITUTIONAL.

 POINT II

 DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE
 OF TRIAL COUNSEL IN VIOLATION OF THE UNITED
 STATES AND NEW JERSEY CONSTITUTIONS.

 POINT III

 DFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE
 OF APPELLATE COUNSEL.

 POINT IV

 AN EVIDENTIARY HEARING IS REQUIRED WITH REGARD
 TO THE ALLEGATIONS OF DEFENDANT'S PETITION FOR
 POST-CONVICTION RELIEF.

 POINT V

 THE DEFENDANT'S MOTION FOR POST-CONVICTION
 RELIEF SHOULD NOT BE BARRED BY PROCEDURAL
 CONSIDERATION[S].

 Following argument on defendant's PCR petition, the court

issued a written decision rejecting each of defendant's arguments.

The judge entered an order denying defendant's petition. This

appeal followed.

 On appeal, defendant makes the following argument:

 4 A-0475-15T2
 POINT I

 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR POST CONVICTION
 RELIEF SINCE HE FAILED TO RECEIVE ADEQUATE
 LEGAL REPRESENTATION FROM TRIAL COUNSEL.

 Defendant argues on appeal that the PCR court erred by

rejecting his contention that his trial counsel provided

ineffective assistance of counsel during defendant's sentencing

proceeding. More particularly, defendant asserts that his trial

counsel's performance was deficient because counsel failed to

refute the State's assertion that the court should find three of

the aggravating factors under N.J.S.A. 2C:44-1(a) that the court

relied upon in imposing sentence. Defendant also argues his counsel

failed to challenge at sentencing the State's reliance on an

uncharged offense against defendant. Last, defendant argues his

counsel was ineffective by failing to "correct the trial court

when it found no mitigating factors were applicable."

 The Sixth Amendment to the United States Constitution and

Article I, Paragraph 10 of the New Jersey Constitution guarantee

that a defendant in a criminal proceeding has the right to the

assistance of counsel in his or her defense. State v. Nash, 212

N.J. 518, 541 (2013). The right to counsel includes "the right to

the effective assistance of counsel." Ibid. (quoting Strickland

 5 A-0475-15T2
v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed.

2d 674, 692 (1984)).

 In Strickland, the Court established a two-part test, later

adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58

(1987), to determine whether a defendant has been deprived of the

effective assistance of counsel. Strickland, supra, 466 U.S. at

687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; Fritz, supra, 105

N.J. at 58. Under the first prong of the Strickland standard, a

petitioner must show that counsel's performance was deficient. It

must be demonstrated that counsel's handling of the matter "fell

below an objective standard of reasonableness" and that "counsel

made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment."

Strickland, supra, 466 U.S. at 687-88, 104 S. Ct. at 2064, 80 L.

Ed. 2d at 693.

 Under the second prong of the Strickland standard, a defendant

"must show that the deficient performance prejudiced the defense."

Id. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. There must

be a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have

been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at

698. A petitioner must demonstrate that "counsel's errors were so

serious as to deprive the defendant of a fair trial, a trial whose

 6 A-0475-15T2
result is reliable." Id. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d

at 693. "The error committed must be so serious as to undermine

the court's confidence in the jury's verdict or result reached."

State v. Chew, 179 N.J. 186, 204 (2004).

 "With respect to both prongs of the Strickland test, a

defendant asserting ineffective assistance of counsel on PCR bears

the burden of proving his or her right to relief by a preponderance

of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012), cert.

denied, ___ U.S. ___, 133 S. Ct. 1454, 185 L. Ed. 2d 361 (2013).

A failure to satisfy either prong of the Strickland standard

requires the denial of a petition for PCR. Strickland, supra, 466

U.S. at 700, 104 S. Ct. at 2071, 80 L. Ed. 2d at 702; Nash, supra,

212 N.J. at 542; Fritz, supra, 105 N.J. at 52.

 We review the legal conclusions of a PCR court de novo. State

v. Harris, 181 N.J. 391, 419 (2004), cert. denied, 545 U.S. 1145,

125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). The de novo standard

of review applies to mixed questions of fact and law. Id. at 420.

Where an evidentiary hearing has not been held, it is within our

authority "to conduct a de novo review of both the factual findings

and legal conclusions of the PCR court." Id. at 421. We apply

that standard here.

 A court engages in impermissible double-counting when it

considers "facts that establish the elements of the relevant

 7 A-0475-15T2
offense" in its finding of aggravating factors at sentencing.

State v. Fuentes, 217 N.J. 57, 75 (2014). Defendant claims his

counsel's performance was deficient because she did not challenge

the State's request that the court find aggravating factor one,

N.J.S.A. 2C:44-1(a)(1), and thereby permitted the court to engage

in the impermissible double-counting of the deaths of the three

victims in its sentencing determination.

 Defendant contends a court may only find aggravating factor

one without engaging in double-counting by demonstrating the

extreme brutality of the offense or that defendant's conduct

extended to the extreme reaches of the prohibited behavior. See

Fuentes, supra, 217 N.J. at 75. Defendant argues that since

neither of the circumstances that would permit a finding of

aggravating factor one without impermissible double-counting was

present here, defendant's counsel should have objected to the

State's request that the court find the aggravating factor.

 Defendant similarly argues his counsel failed to object to

the State's request that the court find aggravating factor two,

N.J.S.A. 2C:44-1(a)(2). He asserts that because the injuries to

the victims were a necessary element of the crimes for which he

was convicted, the court could not find aggravating factor two

without engaging in impermissible double-counting.

 8 A-0475-15T2
 We reject defendant's claim that counsel's performance was

deficient by failing to object to the State's request that the

court find aggravating factors one and two because it is

contradicted by the record. In trial counsel's detailed sentencing

memorandum to the court, she made the precise argument defendant

now claims she failed to make. She argued the court could not

properly find aggravating factors one and two because to do so

would constitute impermissible double-counting.

 Defendant also claims trial counsel's performance was

deficient because she did not address aggravating factor nine, the

need to deter the defendant and others from violating the law,

N.J.S.A. 2C:44-1(a)(9), at sentencing. More particularly, he

claims counsel should have challenged the State's request that the

court find aggravating factor nine by distinguishing between

general deterrence and specific deterrence, and arguing to the

sentencing court there was no basis for finding a need for specific

deterrence here.

 Defendant's argument ignores that he was convicted of three

separate counts of aggravated manslaughter and a separate charge

of aggravated assault. He violently and brutally caused his

sister's death and the death of two of her children, and inflicted

life threatening injuries on his sister's surviving child. The

record supported a finding of both a general and specific need for

 9 A-0475-15T2
deterrence under aggravating factor nine, and counsel's

performance was not deficient by failing to argue otherwise. A

counsel's performance is not deficient by failing to make a

meritless legal argument.1 See State v. Worlock, 117 N.J. 596, 625

(1990) ("The failure to raise unsuccessful legal arguments does

not constitute ineffective assistance of counsel.").

 Defendant also argues counsel's performance was deficient

because she failed to correct the court when it found no mitigating

factors. Again, defendant ignores the record. In her sentencing

memorandum to the court, counsel argued the court should find

mitigating factors two, that defendant did not contemplate that

his conduct would cause or threaten serious harm, N.J.S.A. 2C:44-

1(b)(2), four, that based on his mental illness there were grounds

1
 We also observe that the court did not find aggravating factor
nine at the sentencing proceeding. Thus, even assuming counsel's
performance was deficient by failing to address aggravating factor
nine at sentencing, defendant cannot establish that but for his
counsel's error there is a reasonable probability the result of
his sentencing proceeding would have been different. Strickland,
supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.
We are aware the judgment of conviction states that the court
found aggravating factor nine, but that is not supported by the
sentencing record. See State v. Walker, 322 N.J. Super. 535, 556
(App. Div.) (finding that where there is a conflict between the
sentencing transcript and judgment of conviction, the sentencing
transcripts controls), certif. denied, 162 N.J. 487 (1999). In any
event, defendant's sentence was affirmed on direct appeal and the
accuracy of the judgment of conviction is not an issue before us.
Any request for an amendment of the judgment of conviction should
be first made to the trial court.

 10 A-0475-15T2
tending to excuse his conduct, N.J.S.A. 2C:44-1(b)(4), and eight,

defendant's conduct was the result of circumstances unlikely to

recur, N.J.S.A. 2C:44-1(b)(8). The fact that the court rejected

defendant's arguments did not render counsel's performance

deficient.

 Defendant last argues counsel's performance was deficient

because she failed to object to the assistant prosecutor's reliance

at sentencing on "no billed cases to the [g]rand [j]ury" as

evidence of defendant's assaultive behavior. The argument lacks

merit because even assuming counsel should have objected, there

is no evidence the court relied on any prior "no billed" cases in

its sentencing determination. Thus, defendant failed to

demonstrate that but for counsel's alleged error, there is a

reasonable probability the result of the sentencing proceeding

would have been different. See Strickland, supra, 466 U.S. at 694,

104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

 To the extent we discern any additional arguments made on

defendant's behalf, they are without merit sufficient to warrant

discussion in a written opinion. Rule 2:11-3(e)(2).

 Affirmed.

 11 A-0475-15T2